No. 4821.

(Court of Appeal, Parish of Orleans.)

## J. G. ROCHE vs. HOTEL GRUNEWALD CO., LTD.

Stafford, Lambert & Robinson for plaintiff and appellant.

Dinkelspiel, Hart & Davey for defendant and appellee.

### Opinion.

ST. PAUL, J.—Plaintiff an undertaker buried the body of an unfortunate workman killed whilst defendant's hotel was being constructed, and now sues defendant upon an alleged agreement to bear the funeral expenses.

The evidence is conflicting. Plaintiff personally knows nothing of the alleged agreement, this being testified to by the coroner's clerk, who is also the embalmer who prepared the body of the deceased for which service he was paid by plaintiff. He is mildly corroborated by the assistant coroner who was present on the occasion.

The evidence of the coroner's clerk is contradicted by Mr. Grunewald, the president of the defendant company, who testified that he made no such agreement, but merely informed the assistant coroner and clerk that a collection for the purpose had been started among the workmen on the building to which he would readily contribute; that he sent out at once his engineer to ascertain the status of the collection; that the coroner and clerk left before the return of the engineer, who reported that a stepbrother of the deceased had appeared on the scene, stopped the collection, and declared his intention of taking charge

of the burial. Whereupon he (Mr. Grunewald) consider-ed the matter at an end and gave it no further considera-tion.

This testimony is partly corroborated. The engineer who made the investigation testified that he was sent out for that purpose whilst the coroner and clerk were still speaking to Mr. Grunewald; he did not hear what was said; the result of his investigation was as above men-tioned; and coroner and clerk had left before his return to report.

There is further corroboration in the fact that defend-ant was never advised of the kind or price of the funeral that was to be furnished, the details being all arranged by the aforesaid step-brother, who spared no expense, but unfortunately failed to make the corroboration complete by paying the bill (for which plaintiff seems to consider **him** liable.) This step-brother did not testify in the case.

Plaintiff testifies also that after the funeral, when he called on defendant for payment, he was told by Mr. Grunewald that he "would lose nothing." Mr. Grune-wald's testimony is that he flatly refused to pay the bill and denied all liability whatever, but told plaintiff that he "presumed he would get the money" from the step-brother.

The district Judge saw and heard the witnesses and in an able opinion reviewed at length and analyzed their testimony. He was unable to reconcile the several ver-sions. of the conversations had, but giving to each an equal share of credibility, he concluded that there was a misunderstanding all around.

This conclusion is as nearly correct as any that can be reached from the evidence before us. At all events the burden of proof is clearly upon the plaintiff to establish with legal—that is, reasonable—certainty the agreement on which he relies. In this he has failed. The judg-

ment of the Court **a qua** is correct.

For the reasons assigned it is ordered that the judgment appealed from be affirmed.